# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTON DIMITRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PAIR,<br><br>        Defendant. | Case No.: 1:19-cv-00460-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THE ACTION BE DISMISSED FOR FAILURE TO PROSECUTE, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 6, 9] |

Plaintiff Quenton Dimitris is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 15, 2019, the Court screened the complaint found that Plaintiff failed to state any claims for relief and granted Plaintiff thirty days to file an amended complaint. Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. Therefore, on May 28, 2019, the Court issued to show cause why the action should not be dismissed. However, on this same date, Plaintiff filed a motion for extension of time to file an amended complaint, which crossed in the mail with the Court's order.

///

1

On May 30, 2019, the Court vacated the May 28, 2019 order to show cause, and granted Plaintiff thirty days to file an amended complaint. Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order and the time do so has passed. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. <u>Id.</u> This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. <u>Id.</u>

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for failure to obey a court order, failure to prosecute, and for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2019**

UNITED STATES MAGISTRATE JUDGE